# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 23-1531V

```
*  *  *  *  *  *  *  *  *  *  *  *  *          Chief Special Master Corcoran
BONNIE ALBANO,                        *
on behalf of her minor child, L.A.,   *
                                      *
          Petitioner,                 *
                                      *
v.                                    *          March 10, 2026
                                      *
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
          Respondent.                 *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Courtney C. Jorgenson,* Siri & Glimstad, LLP, Phoenix, AZ, for Petitioner.

*Alexa Roggenkamp,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING INTERIM AWARD OF ATTORNEYS' FEES AND COSTS[1]

On December 23, 2024, Bonnie Albano, on behalf of her minor child, L.A., filed a petitioner for compensation under the National Vaccine Injury Compensation Program. Petition ("Pet.") (ECF No. 1); Amended Pet. (ECF No. 20); 42 U.S.C. § 300aa-10, *et seq.* (the "Vaccine Act").[2] Petitioner alleges that L.A. suffered appendicitis resulting in an appendectomy and reactive synovitis after receipt of an influenza ("flu") vaccine on October 25, 2022. Amended Pet. at Preamble, ¶ 3. Resolution of the matter remains pending.[3]

Petitioner has now filed a motion for interim attorneys' fees and costs. Interim Fees Motion ("Int. Fees Mot.") (ECF No. 42). It is the first fees request in this case, and is occasioned by the withdrawal of her prior counsel on December 27, 2024. Motion to Substitute Attorney, dated Dec.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] This matter was until recently before Special Master Gowen, who retired earlier this month. It has since been transferred to my docket.

27, 2024 (ECF No. 43).  Petitioner requests a total of $65,339.48, reflecting $43,097.50 in fees, plus $22,241.98 in costs.  Int. Fees Mot. at 11.

On January 21, 2025, Respondent filed his opposition to the motion, asserting that Petitioner's claim lacked a reasonable basis.  Respondent's ("Resp't") Response at 10 (ECF No. 45).  Respondent did not object to the hourly rates requested, the number of hours expended, or the specific expenses identified.

Petitioner filed a reply on January 22, 2025, maintaining that "there is ample evidence supporting a determination of reasonable basis." Petitioner's ("Pet'r") Reply at 1 (ECF No. 46). Petitioner further emphasized the appropriateness of the requested award, in light of Mr. Downing's withdrawal from the case following his presidential appointment within the U.S. Department of Health and Human Services.  Int. Fees Mot. at 2; Pet'r Reply at 1.

For the reasons discussed below, Petitioner's motion for attorneys' fees and costs is **GRANTED**, and Petitioner is awarded **$65,339.48**.

## I.    Legal Standards for Awards of Interim Attorneys' Fees and Costs

The Vaccine Act provides that reasonable attorneys' fees and costs "shall be awarded" for a petition that results in compensation. Section 15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in *good faith* and there was a *reasonable basis* for which the claim was brought."  § 15(e)(1) (emphasis added). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in *good faith* if they filed their claims with an honest belief that a vaccine injury occurred.  *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  To receive an award of fees and costs, petitioners must also demonstrate their claims were brought with a *reasonable basis* supported by objective evidence.  *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632, 635 (Fed. Cir. 2017) (citing § 15(e)(1)); *see also*, *Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (Fed. Cl. 2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (Fed. Cl. 2011)).  To establish a reasonable basis for attorneys' fees, petitioners need not prove a likelihood of success.  *Woods v. Sec'y of Health & Human Servs.,* No. 10-377V, 2012 WL 401485, at *5-7 (Fed. Cl. Spec. Mstr. Aug. 23, 2012) (citing *Turner*, 2007 WL 4410030, at *6).  Instead, the special master considers the totality of the circumstances and evaluates the objective evidence, which may

fall short of a preponderance, but must rise above a "mere scintilla" of evidence. *Cottingham v. Sec'y of Health & Human Servs.,* 971 F.3d 1337, 1344-46 (Fed. Cir. 2020).

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer*, 675 F.3d at 1362; *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Interim award requests are subject to the same reasonable basis inquiry applied to unsuccessful but completed matters, since in the context of an interim request the claim literally is not yet been found to be "successful."

There is no presumption of entitlement to interim awards, but special masters may, in their discretion, permit such awards and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670 at *16. However, there must be some showing that a Petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

In this case, Petitioner has satisfied the good faith requirement. The records reveal that L.A received the flu vaccine and was later diagnosed with acute appendicitis and toxic/transient synovitis. *See e.g.*, Pet'r Ex. 3 at 1 (ECF No. 6); Pet'r Ex. 4 at 33-34. Petitioner has also filed an affidavit stating that her son experienced an adverse reaction to the flu vaccine and has suffered injuries lasting beyond six months. Pet'r Ex. 1 at ¶ 17. Further, Petitioner was granted leave to amend her petition and expand her allegation. These circumstances support a finding of good faith.

Petitioner has also demonstrated a reasonable basis for her claim. The medical records reflect that L.A. experienced appendicitis and toxic/transient synovitis within weeks of vaccination. *See, e.g.*, Pet'r Ex. 4 at 33-34. Although L.A.'s treating providers generally did not entertain a vaccine-related etiology, Petitioner has presented expert opinions and medical literature supporting her allegations. *Compare* Pet'r Ex. 4 at 33-34 (associating a contemporaneous influenza infection with toxic synovitis) *with* Pet'r Ex. 17 at 42 (noting that L.A. "got a flu shot and two weeks later then he had appendicitis then two weeks later he had transient synovitis"); *see also*

Pet'r Exs. 20, 55. While the parties dispute whether L.A.'s joint condition persisted beyond six months, the record reflects that L.A. underwent an emergent appendectomy, which has the potential to satisfy the Vaccine Act's severity requirement. *See e.g.*, Pet'r Ex. 6 at 136-37, 139-40.

The claim of course is still pending, and it remains to be determined if causation can be preponderantly established. But even if Petitioner's declarations, expert reports, and items of medical literature ultimately fall short of establishing entitlement by a preponderance of the evidence, they exceed the *mere scintilla* threshold required to establish reasonable basis. I identify no other basis for denial of fees at this juncture, and note as well that withdrawal of counsel is often deemed sufficient grounds for an interim award. Accordingly, Petitioner is eligible for an interim award of fees and costs.

## II.       Calculation of Attorneys' Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2023-2024 can be accessed online.[4]

Petitioners bear the burden of establishing the hours expended, the rates charged, and the expenses incurred. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *aff'd*

---

[4] The 2023-2024 Fee Schedules can be accessed at https://www.cofc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last accessed March 4, 2026).

*in relevant part*, 988 F.2d 131 (Fed. Cir. 1993) (per curiam).  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n.1.  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991).  They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson*, 24 Cl. Ct. at 483.

Petitioner requests that her former lead attorney, Mr. Andrew Downing, and his associated paralegals and co-counsel be reimbursed for work performed on her case from May 3, 2023, through December 23, 2024.  Int. Fees Mot. at 19-37.  Petitioner has submitted attorney billing records in support of the request in accordance with Vaccine Guidelines, Section X(3)(B).  Review of those records provides the following hourly rates for the work performed:

| Name and Role | Year of Work Performed | Hourly Rate |
|---|---|---|
| Andrew Downing, Lead Attorney | 2023 | $445 |
| | 2024 | $485 |
| Ann Allison, Attorney | 2023 | $415 |
| | 2024 | $435 |
| Courtney Jorgenson, Attorney | 2023 | $345 |
| | 2024 | $375 |
| Danielle Avery, Paralegal | 2023 | $155 |
| | 2024 | $175 |
| Samantha Perez, Paralegal | 2024 | $175 |
| Alex Malvick, Paralegal | 2023 | $155 |
| | 2024 | $175 |

*Id.* at 13-15.

The attorneys at Mr. Downing's firm have been recognized to practice in forum, thus entitling them to commensurate rates established in *McCulloch*. *See Rossiter v. Sec'y of Health & Human Servs.*, No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023). These rates are consistent with what has been awarded to counsel, associates, and paralegals in the past and are in line with the approved rates contained in the Fee Schedule. *See e.g.*, *Lucas v. Sec'y of Health & Human Servs.*, No. 19-1525V, 2025 WL 1158901, at *5 (Fed. Cl. Mar. 25, 2025); *Cracraft v. Sec'y of Health & Human Servs.*, No. 20-0562V, 2024 WL 2992939, at *3 (Fed. Cl. Spec. Mstr. May 9, 2024); *Hart v. Sec'y of Health & Human Servs.*, No. 23-1981V, 2026 WL 458779, at *4 (Fed. Cl. Jan. 14, 2026); *Bhatia on behalf of S.B. v. Sec'y of Health & Human Servs.*, No. 24-946V, 2026 WL 459253, at *2 (Fed. Cl. Jan. 15, 2026).

Respondent does not object to the reasonableness of the requested hourly rates or the number of hours expended. Upon review, I find no basis to reduce either component of the requested attorneys' fees and conclude that the requested attorneys' fees are reasonable and appropriate. I thus find no cause to reduce them in this instance. I deem the time devoted to the matter to be reasonable, and I will therefore award all fees requested without adjustment.

III.   **Calculation of Costs**

Like attorneys' fees, costs incurred by counsel or by an individual petitioner must be reasonable to be reimbursed in the Program. *Perreira*, 27 Fed. Cl. Ct. at 34. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester*, 2013 WL 5367670 at *16 (noting that only *costs incurred*, rather than *projected expenses*, may be reasonable). When claimants fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the requested costs at issued. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Here, Petitioner seeks $22,241.98 in outstanding costs, including the filing fee, medical records retrieval costs, postage costs, and expert expenditures. Int. Fees Mot. at 11, 37-39. All are commonly incurred in the Vaccine Program, and are reasonable herein. Accordingly, Petitioner shall be awarded the full amount requested for costs.

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Motion for an Interim Award of Attorneys' Fees and Costs. I award a total of **$65,339.48** (reflecting $43,097.50 in fees, and

$22,241.98 in costs) to be paid through an ACH deposit to Petitioner's former counsel, Mr. Andrew D. Downing's IOLTA account, for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.